**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

JASON LEE BLAKE,                    *
                                    *
            Plaintiff,              *
v.                                  *
                                    *        No. 3:18cv00030-JJV
NANCY A. BERRYHILL,                 *
Acting Commissioner of Social Security *
                                    *
            Defendant.              *

<u>**MEMORANDUM AND ORDER**</u>

Plaintiff, Jason Blake, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability benefits and supplemental security income. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Mr. Blake is young – only thirty-six years old. (Tr. 68.) He has a high school education and no past relevant work. (Tr. 31.)

The Administrative Law Judge[1] (ALJ) found Mr. Blake had not engaged in substantial gainful activity since August 29, 1996 - the alleged onset date. (Tr. 24.) He has "severe" impairments in the form of "degenerative disc disease, affective disorder, and anxiety disorder." (*Id.*) Although he has "severe" impairments, the ALJ found Mr. Blake did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 25-27.)

The ALJ determined Mr. Blake had the residual functional capacity to perform a reduced range of sedentary work given his physical and mental impairments. (Tr. 27.) Because Mr. Blake had no past relevant work, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments. Based on the testimony of the vocational expert, the ALJ determined Mr. Blake could perform the jobs of lamp shade assembler and addresser. (Tr. 32, 82-84.) Accordingly, the ALJ determined Mr. Blake was not

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

disabled.   (Tr. 32.)

The Appeals Council received additional evidence and denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.   (Tr. 1-5.)   Plaintiff filed the instant Complaint initiating this appeal.   (Doc. No. 2.)

Plaintiff argues the ALJ's decision that he could perform sedentary work is not supported by substantial evidence.   (Doc. No. 17 at 6-8.)   The main issue in this case is whether the ALJ properly discounted the opinion of his treating doctor, Nathan Turney, M.D.   Dr. Turney has treated Plaintiff for several years.   Dr. Turney provided letters stating Mr. Blake is unable to work because of his physical and mental limitations (Tr. 30, 427, 432), and completed a Physical Functional Capacity Form.   (Tr. 515-518.)   The ALJ discounted Dr. Turney's opinions saying:

> The undersigned finds Dr. Turney's opinion is partially consistent with the evidence as a whole.   For instance, Dr. Turney's lifting limitations are supported because objective diagnostic imaging confirmed degenerative and postoperative changes.   However, multiple physical examinations proved unremarkable; hence, complete limitations against climbing and balancing are not supported. Therefore, the undersigned considers Dr. Turney's opinion and gives it partial weight."

(Tr. 30.)

Plaintiff is correct that his treating doctor should generally be given deference.   But after a close review of the record, I find the ALJ could properly discount this opinion.

The United States Court of Appeals for the Eighth Circuit has reiterated:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding.   20 C.F.R. § 404.1527(c)(2).   Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight.   *Id.*   "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions."   *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted).   Ultimately, the ALJ must "give good

3

reasons" to explain the weight given the treating physician's opinion.    20 C.F.R.
§ 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

If given great weight, Dr. Turney's opinion would mean Plaintiff was disabled.    However, given the overall evidence of record, the ALJ had fair reasons to discount the conclusion that Plaintiff was completely disabled.    Dr. Turney's treatment records, while showing Plaintiff has some degree of limitation, fail to support an allegation of complete disability.    (Tr. 392-398, 411-431, 438-439, 454-457.)    "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."    42 U.S.C. § 423(d)(1)(A) (emphasis added).    A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."    42 U.S.C. § 423(d)(3).    Although Plaintiff clearly has some physical and mental limitations, I am unable to find reversible error here.

I also find substantial evidence to support the ALJ's determination regarding Mr. Blake's mental limitations.    Although Susan Daugherty, Ph.D., and Kay Cogbill, M.D., did not examine Plaintiff, I find their opinions after evaluating the medical evidence to constitute substantial evidence upon which the ALJ could rely.    (Tr. 94-96, 137-139.)

Plaintiff has advanced other arguments which I have carefully considered and find are without merit.    Mr. Blake's counsel has done an excellent job of advocating for his rights and I am sympathetic to his claims.    He was involved in a very traumatic accident and is lucky to be alive.    But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which

4

contradicts his findings.   The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.   *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.   There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.   *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is AFFIRMED and Plaintiff's Complaint is DISMISSED with prejudice.

DATED this 26th day of November, 2018.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE